Ida Laura SIGLER and Dewey Lester Sigler, Plaintiffs-Appellants,

v.

ALLSTATE INSURANCE COMPANY, a foreign corporation, Defendant-Appellee.

No. 14080.

United States Court of Appeals Seventh Circuit.

July 12, 1963.

Sydney M. Eisenberg, Andrew F. Slaby, Milwaukee, Wis., for appellants.

Suel O. Arnold, Milwaukee, Wis., Arnold, Murray & O'Neill, Milwaukee, Wis., of counsel, for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KNOCH, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Ida Laura Sigler and Dewey Lester Sigler, plaintiffs, have appealed from a summary judgment entered by the district court, which sustained a motion of Allstate Insurance Company, a foreign corporation, defendant, and dismissed a complaint filed by plaintiffs.[1]

Plaintiffs' complaint alleged that, on June 29, 1956, in the State of Kentucky, Leonard W. Clark, a resident of Chenoa, Illinois, was operating an automobile in a negligent manner, by means of which it collided with an automobile operated by plaintiff, Dewey Lester Sigler, in which plaintiff, Ida Laura Sigler, was a passenger, and, as the direct and proxi-

1. Plaintiffs' action against defendant had been commenced in the Circuit Court of Milwaukee County, Wisconsin, and had been removed to the district court.

mate result of which negligence, she was injured.

The complaint further alleged that defendant had issued a policy of insurance to said Clark covering liability or loss, which policy was in full force and effect at the time of said accident; that, during July 1956, an adjuster representing defendant called at plaintiffs' home for the ostensible purpose of assisting in providing medical attendance and appliances, and, at that time, stated to the plaintiff that she had two years in which to file claim in this action; and that Rudolph Egner, successor to the said adjuster, called at plaintiffs' home at weekly intervals during the following nine months, in the course of which he commenced settlement negotiations, and in the course of which he repeatedly assured plaintiff, Ida Laura Sigler, that she had two years after the accident date in which to file her claim and requested that these plaintiffs withhold court action, inasmuch as settlement was being negotiated.

The complaint also alleged that on June 6, 1957, at the request of defendant's agents, both plaintiffs called at the office of defendant and were there told by a company representative that a $7500 settlement offer had been referred to their home office for approval, reassured plaintiffs that it was not necessary to file court action in view of the imminent settlement and further that they had a two-year period in which so to do.

The complaint further alleged that, on September 9, 1957, "defendant's agent communicated with plaintiffs' presently employed Counsel that settlement was refused and said plaintiffs' claim was rejected because of expiration of limitations * * * that within the two year period * * * plaintiff did commence suit" in the Hopkins Circuit Court in the State of Kentucky, and "that said suit was dismissed". The record shows this dismissal order was entered on December 22, 1958, on motion of defendant, Leonard W. Clark, on the

ground that it was not filed in time to comply with § 413.140(a) of the laws of the Commonwealth of Kentucky, which provides that such an action shall be commenced within one year after the cause of action accrues.

Defendant filed an answer to the complaint, which denied, *inter alia,* that any representative of defendant told either plaintiff that they had two years within which to commence an action.

On June 10, 1957, Sydney M. Eisenberg,[2] an attorney of Milwaukee, Wisconsin, sent the following letter to defendant:

"This letter is to advise you that I have been retained by Ida and Dewey Sigler of 2516 West Lisbon Avenue, Milwaukee, Wisconsin, to collect for damage and injuries sustained by them on the 29th day of June, 1956, as a result of negligence on the part of your insured Leonard W. Clark of Chenoa, Illinois. This accident happened in Nortonville, Kentucky.

"Please construe this letter as a formal notification of my attorney lien rights as required under the Statutes of the State of Wisconsin. "This letter is not to be construed as a threat of litigation. Please address all communications to this office."

On the hearing of defendant's motion for summary judgment, there were submitted to the district court affidavits of each of the plaintiffs, which reiterated their charges that representatives of defendant had told them that they "had two years in which to file a suit".

It was unnecessary for the district court to resolve the apparent conflict as to whether the statements attributed by plaintiffs to defendant's representatives were actually made. With able counsel representing them, plaintiffs nevertheless permitted the Kentucky statute of limitations to run and bar their claims. It is evident that some time prior to the

---

2. Mr. Eisenberg appeared on behalf of plaintiffs, in this court.

writing of the letter of June 10, 1957 to defendant, attorney Eisenberg had been retained by both plaintiffs to enforce their cause of action against defendant's insured, Clark. His letter so indicates. Plaintiffs nevertheless waited at least 19 days after retaining counsel and the one year statute of limitations of Kentucky in due course barred their action against Clark. In the city of Milwaukee, Wisconsin, where plaintiffs live and their attorney practices, the availability of law books and recourse to the statutes of the Commonwealth of Kentucky would have furnished information as to Kentucky's statutes relating to negligence actions.

Even if 19 days were required to go to Kentucky and file a suit there, neither of such steps was required in this case. A suit against Clark could have been filed in the federal court in Illinois, where Clark lived. We find no escape for plaintiffs from these undisputed facts which, by no liberal interpretation, can be construed as a bar to the running of the Kentucky limitations act.

For these reasons, the judgment of the district court is affirmed.

Judgment affirmed.